UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN THOMAS HIRTH,  Case No. 23-12708

    Plaintiff,  F. Kay Behm
v.  United States District Judge

ROYAL OAK POLICE DEPARTMENT,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND
SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)**

Plaintiff Ryan Thomas Hirth, proceeding *pro se*, filed a complaint against the Royal Oak Police Department on October 25, 2023. (ECF No. 1).[1] Plaintiff's complaint alleges he was subject to an unlawful arrest, in addition to other unconstitutional conduct, in violation of 42 U.S.C. § 1983. (ECF No. 1, PageID.4). Plaintiff also filed an application to proceed *in forma pauperis* on October 25, 2023. (ECF No. 2). The court now finds the application supports his claims and **GRANTS** Plaintiff's application to proceed *in forma pauperis*. However, for the reasons set forth below, the court **DISMISSES** Plaintiff's complaint without

---

[1] This case was initially before District Judges Shalina D. Kumar and George Caram Steeh, but was reassigned to the undersigned on November 28, 2023.

prejudice because the Royal Oak Police Department cannot be sued under 42 U.S.C. § 1983.

**I.    STANDARD OF REVIEW**

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**II.   ANALYSIS**

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983, which "imposes liability on any 'person' who violates an individual's federal constitutional or statutory rights." *See* 42 U.S.C. § 1983; *Brewer v. Genesee Cnty Sheriff Dep't*, No. 2:23-CV-10271, 2023 WL 3212337, at *2 (E.D. Mich. May 2, 2023). Plaintiff alleges Defendant violated his rights in a number of ways, including: (1) unlawfully

2

arresting him; (2) seeking to enforce a no-contact order that had previously been lifted by Oakland County Circuit Court Judge Shalina D. Kumar; "failing to properly Follow Rules, Regulations, policies & Directions/protocol; and (5) "creating a hostile environment disrupting me & Family's lifes [sic]."

Plaintiff's case names only the "Oakland Co. Royal Oak Police Department P.D." as a Defendant. While "municipalities and other local government units" are included among the persons to which § 1983 applies, it has long been held that local police departments are not. *Monell v. Dep't of Soc. Servs. v. City of New York*, 436 U.S. 658, 690 (1978); *see also Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (noting that a city police department is merely an agent of the city, and therefore is not a proper defendant in a § 1983 lawsuit); *Mayfield v. Clare Co. Jail*, No. 2:19-CV-13467, 2020 WL 59697, at *2 (E.D. Mich. Jan. 6, 2020); *Edwards v. Jail*, No. 2:16-CV-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016).

Even if the court were to construe Plaintiff's complaint as asserting a claim against the City of Royal Oak or Oakland County more broadly, a municipality can only be held liable under § 1983 if the municipality itself caused the constitutional deprivation, not on the basis of *respondeat superior*. *Monell*, 436 U.S. at 694. To state a claim against a municipality, a plaintiff must show a specific "policy,

statement, ordinance, regulation, or decision, officially adopted and promulgated by that body's officers." *Id.* "A mere isolated unconstitutional act cannot establish *Monell* liability absent proof of some policy or custom that can be attributed to an official policymaker." *Fitzler v. Burton Police Department*, No. 14-CV-10786, 2014 WL 2711923, at *3 (E.D. Mich. June 16, 2014) (citing *Oklahoma City v. Tuttle*, 47 U.S. 808, 823-24 (1985)). Plaintiff's allegations do not name any policy or custom could have been violated by officers of the police department. Rather, Plaintiff claims the Police Department was "fail[ing] to follow, rules, regulations, policies, procedures," suggesting that, even if there had been a municipal policy or custom, it may not have been followed. As such, because Plaintiff cannot bring a § 1983 claim against the Royal Oak Police Department, and fails to allege any policy or custom sufficient to state a claim against the municipality, it must be dismissed.

### III. CONCLUSION

For the reasons stated above, Plaintiff's case cannot proceed against Defendant Royal Oak Police Department. Therefore, while Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, Plaintiff's complaint is **DISMISSED** without prejudice pursuant to 28. U.S.C. § 1915(e).

**SO ORDERED**.

Date: February 5, 2024    s/F. Kay Behm
　　　　　　　　　　　　　　F. Kay Behm
　　　　　　　　　　　　　　United States District Judge